UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATA DURANT, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>ENDURANCE ASSURANCE CORPORATION,<br><br>                              Defendant. | Case No.: 3:23-cv-1079-JES-KSC<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO AMEND NOTICE OF REMOVAL;**<br><br>**(2) GRANTING MOTION TO REMAND TO STATE COURT; and**<br><br>**(3) DENYING MOTION TO DISMISS AS MOOT**<br><br>**(4) DENYING MOTION TO CONTINUE HEARING AS MOOT**<br><br>**[ECF Nos. 2, 7, 9, 20]** |

    Before the Court are Plaintiff Strata Durant, LLC's ("Plaintiff") Motion to Remand to State Court (ECF No. 7), Defendant Endurance Assurance Corporation's ("Defendant") Motion to Amend the Notice of Removal (ECF No. 9), Motion to Dismiss (ECF No. 2) and a Joint Motion to Continue Hearing Date (ECF No. 20). For the reasons stated below, the Court **DENIES** the Motion to Amend the Notice of Removal,

1

**GRANTS** the Motion to Remand to State Court and **DENIES** the Motion to Dismiss and Motion to Continue Hearing on the Motion to Dismiss as moot.

## I.   BACKGROUND

Plaintiff filed a complaint in San Diego Superior Court on March 17, 2023, alleging causes of action for breach of contract, breach of the covenant of good faith and fair dealing and seeking declaratory relief. ECF No. 1-2. Endurance was served with the summons and complaint on May 10, 2023. ECF No. 1-11. On June 6, 2023, Endurance removed the action to this Court. ECF No. 1. Exhibits N and O, which are titled, "Notice of Removal to Opposing Counsel," and "Notice of Filing Notice of Removal," respectively were attached to the removal packet. ECF Nos. 1-15, 1-16. Both documents referenced the notice of removal, but neither document contained the basis for removal and no notice of removal was attached. *Id.* As required by the District's Local Rules, Defendant attached a civil cover sheet for the action. ECF No. 1-1. In section I of the civil cover sheet, Plaintiff is listed as a "Delaware limited liability company" and Defendant as a "Delaware Corporation" and had a box checked in Section II indicating that jurisdiction existed in federal court based on diversity of citizenship of the parties. ECF No. 1-1. In Section III of the civil cover sheet, Defendant indicated that it is incorporated in another state, and has its principal place of business in another state, but did not indicate Plaintiff's citizenship, leaving the section blank. *Id.*

On June 16, 2023, Defendant filed a motion to dismiss the complaint or transfer venue and a request for judicial notice. ECF Nos. 2, 5. On July 10, 2023, Plaintiff filed a motion to remand the matter to state court. ECF No. 7. On July 19, 2023, Defendant filed a motion to amend the notice of removal. ECF No. 9. Defendant filed an opposition to the motion to remand to state court and Plaintiff filed an opposition to the motion to amend. ECF Nos. 14, 15.

///
///
///

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A case filed in state court may be removed to federal court "if the federal court would have original subject matter jurisdiction over the action," either through diversity or a federal question. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (describing 28 U.S.C. § 1441). "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).

A plaintiff may challenge a defendant's notice of removal through a motion to remand. *See Moore-Thomas*, 553 F.3d at 1244 (discussing 28 U.S.C. § 1447(c)). "[R]emand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure." *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) (quoting 28 U.S.C. § 1447(c)).

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.,* 298 U.S. 178, 189 (1936); *In re Haw. Fed. Asbestos Cases,* 960 F.2d 806, 810 (9th Cir. 1992); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979)).

Here, Defendant asserts jurisdiction is based on diversity. *See generally* ECF No. 9. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000 and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. For purposes of diversity jurisdiction, a limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Meanwhile, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "Under the 'nerve center' test, a corporation's principal place of business 'should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citation omitted).

### III.   DISCUSSION

Defendant requests to amend its notice of removal arguing mistake and excusable neglect. In its motion to amend the notice for removal, Defendant argues that it "accidentally omitted documents setting forth more clearly the evidence and arguments supporting removal, which the already-filed evidence details and supports, albeit imperfectly." ECF No. 9 at 2. Defendant requests to amend as it argues this was a jurisdictional defect. ECF No. 9 at 4. Plaintiff argues that the omission is a procedural defect, and the omission is futile, because Defendant alleges the residency, but not the citizenship of Plaintiff. *See generally* ECF No. 15.

#### A.   Motion to Amend Notice of Removal

A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint. *See* 28 U.S.C. § 1446(b). The Notice of Removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty-day period." *O'Halloran v. University of Washington,* 856 F.2d 1375, 1381 (9th Cir.1988). However, a defendant may amend the Notice of Removal after the thirty-day window has

closed to correct a "defective allegation of jurisdiction." *See* 28 U.S.C. § 1653; *see also* 16 Moore's Federal Practice § 107.30[2][a][iv] ("[A]mendment may be permitted after the 30–day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."). The rationale for permitting amendment to correct allegations of jurisdictional facts is that "[i]n determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings" for omitted jurisdictional facts. *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 273 (7th Cir. 1982).

"If the removing party seeks to cure a defect in the removal petition after the thirty day period has elapsed ... the court has discretion to prohibit such an amendment." *Bicek v. C & S Wholesale Grocers, Inc.,* Case No. 2:13–CV–00411–MCE, 2013 WL 4009239, at *3 (E.D. Cal. Aug. 5, 2013) (quoting *Hemphill v. Transfresh Corp.,* Case No. C–9–0899–VRW, 1998 WL 320840, at *4 (N.D. Cal. June 11, 1998)).

Defendant filed its amended notice of removal 70 days after being served the complaint. Therefore, the court has discretion to prohibit such an amendment. In its motion to amend, Defendant cites several cases to support the position that amendment after 30 days to cure a jurisdictional defect is appropriate. *See* generally *Barrow Development Company v. Fulton Insurance Company*, 418 F.2d 316, 318 (9th Cir. 1969); *ARCO Env't Remediation, LLC*, 213 F.3d at 1117; *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 794 (9th Cir. 1996). However, in each of those cases, an actual removal petition and notice was filed prior to the request for amendment. Defendant never filed a notice of removal in this case.

Defendant argues that since the civil cover sheet stated diversity jurisdiction, that was sufficient to give notice of removal from state court. However, the civil cover sheet, in which defendant checked a box to indicate diversity jurisdiction fails to meet the

requirement of a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). On the civil cover sheet, Defendant did not even state the citizenship of Plaintiff. Instead, Defendant listed Plaintiff as a "Delaware limited liability company" and Defendant as a "Delaware corporation." ECF No. 1-1. Those statements show a lack of diversity jurisdiction and does not, as Defendant argues, "imperfectly" provide notice of diversity jurisdiction. Therefore, Defendant's request to amend its notice of removal is not truly an amendment, it is a request to provide a notice of removal for the first time, 70 days after receiving service of this action, after filing a motion to dismiss, after filing a request for judicial notice and after receiving Plaintiff's motion to remand. Defendant's confusion as to how the original notice of removal was handled by Defendant's own employees is not an adequate justification for failure to comply with the procedural requirements of removal. *See Pierce v. Kaiser Found. Hosps.*, No. 14-cv-0157-H (BGS), 2014 WL 1096221 at *2 (S.D. Cal. Mar. 19, 2014).

The Court agrees with Plaintiff that since a notice of removal was not filed until 70 days after service of the complaint, the failure to file a notice of removal is a procedural defect, not purely a jurisdictional defect. For that reason, the Court **DENIES** the motion to amend the notice of removal.

  **B.** **Motion to Remand**

As mentioned above, the party seeking removal bears the burden of establishing that federal subject matter jurisdiction exits by a preponderance of the evidence. Since Defendant never filed a notice of renewal, Defendant has failed to meet its burden to establish federal subject matter jurisdiction. Accordingly, the Court remands this matter to the San Diego Superior Court, Case 37-2023-00011223-CU-IC-CTL. *See* 28 U.S.C. § 1447(c). The motion to remand is **GRANTED**.

Defendant's Motion to Dismiss, currently set for a hearing on October 25, 2023, (ECF No. 2) is **DENIED** as moot and the Joint Motion to Continue the Motion to Dismiss Hearing is **DENIED** as moot also. Finding that the motion to amend the notice

of removal is denied, the Court does not address the matter of whether Defendant properly alleged diversity citizenship in its amended notice of removal.

## IV.   CONCLUSION

For the reasons stated above, the Court:

1. **DENIES** the Motion to Amend the Notice of Removal;
2. **GRANTS** the Motion to Remand the matter to San Diego Superior Court;
3. **DENIES** the Motion to Dismiss as moot; and
4. **DENIES** the Motion to Continue the Motion to Dismiss Hearing as moot.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  October 19, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge